UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA D. HOOKANO,

                                 NO. CIV. S-08-751 LKK/JFM

         Plaintiff,

     v.

                                  O R D E R

WASHINGTON MUTUAL BANK,
INC., a Washington State
corporation, "JANE
THOMPSON", an individual,
KELLER WILLIAMS REALTY,
PAUL BOUDIER, and
DOES 1-50,

         Defendants.
_____/

     On April 7, 2008, plaintiff filed a complaint against Washington Mutual Bank ("WAMU") and other defendants. On September 4, 2008, plaintiff filed her first amended complaint against WAMU alone.[1] On September 25, 2008, the Office of Thrift Supervision declared WAMU insolvent, and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. On January 6, 2009,

---

[1] Plaintiff also named "Doe" defendants, but such defendants are not recognized in federal court.

1

1  parties filed a stipulation substituting the FDIC as a defendant,
2  and requesting the case be stayed until March 16, 2009. On January
3  7, 2009, the court entered an order substituting the FDIC for
4  defendant WAMU, staying the case until March 16, 2009, and vacating
5  the scheduling order. Through a series of stipulations and orders,
6  this case was further stayed until March 6, 2010 to allow the FDIC
7  to complete its determination of plaintiff's claim. On March 9,
8  2010, the FDIC filed a status report indicating that on January 26,
9  2010, the FDIC disallowed plaintiff's claim. The notice to
10 plaintiff disallowing her claim cited to 12 U.S.C. § 1821(d)(6)(B),
11 which requires a plaintiff file suit on the disallowed claim or
12 continue an action commenced before the appointment of the receiver
13 within sixty (60) days of the issuance of the notice. Also on this
14 day, the FDIC filed a motion to dismiss plaintiff's first amended
15 complaint, which is set to be heard on April 19, 2010.

16     On March 22, 2010, plaintiff filed an ex parte application to
17 shorten the time for this court to hear her motion for leave to
18 file a second amended complaint. On March 23, 2010, plaintiff filed
19 a memorandum in support of this motion. Plaintiff contends that
20 this court should hear her motion on or before March 26, 2010 to
21 avoid waiving a claim against the FDIC. The FDIC, however, filed
22 an opposition to this motion indicating that this case has already
23 been continued, and therefore, the court need not consider
24 plaintiff's motion by Friday to preserve her rights. Specifically,
25 the FDIC argues that this case is continued because (1) the court's
26 stay of this case expired on March 6, 2010 and (2) the FDIC filed

1  a motion to dismiss. The court agrees with the FDIC's analysis.[2]

2  For the foregoing reasons the court DENIES plaintiff's ex
3  parte motion, Doc. No. 45. Plaintiff may, however, file a motion
4  to file her second amended complaint pursuant to standard notice
5  and briefing schedules. See E.D. Cal. Local Rule 230.

6  IT IS SO ORDERED.

7  DATED: March 24, 2010.

```
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

---

[2] The FDIC also states that in order to continue her lawsuit, plaintiff must prevail against the FDIC in the pending motion to dismiss. The court notes that the FDIC may prevail in its pending motion, yet nonetheless the case may continue if the court dismisses the complaint without prejudice and with leave to file an amended complaint.

3