UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRA D. HOOKANO,

                                NO. CIV. S-08-751 LKK/JFM

        Plaintiff,

   v.

                                    O R D E R

WASHINGTON MUTUAL BANK,
INC., a Washington State
corporation, "JANE
THOMPSON", an individual,
KELLER WILLIAMS REALTY,
PAUL BOUDIER, and
DOES 1-50,

        Defendants.

                                /

     On September 15, 2010, the court filed an order observing the apparent lack of federal question or diversity jurisdiction over plaintiff's complaint as most recently amended, and informing the parties of the court's intent to refrain from continued exercise of supplemental jurisdiction. The court granted the parties seven days to show cause why the court should retain subject matter jurisdiction.

////

1

1    Defendants JPMorgan Chase Bank, N.A. and California
2 Reconveyance Company request that this court retain supplemental
3 jurisdiction because "[s]ignificant resources have been expended
4 by the parties" that will be wasted if this court does not rule on
5 the pending motion to dismiss. This is not so. If plaintiff re-
6 files her complaint in state court, defendant may move for demurrer
7 on similar, if not identical, grounds.
8    Plaintiff argues that this court has diversity jurisdiction
9 over the instant action because some defendants are citizens of
10 states other than California. In order for this court to have
11 diversity jurisdiction, however, diversity must be complete. As
12 such, the court does not have diversity jurisdiction because
13 plaintiff and defendant California Reconveyance Company are both
14 citizens of California.
15    Plaintiff also states that she has "alleged that defendants
16 have violated the National Affordable Housing Act, 42 U.S.C.
17 Section 12703 et seq. and FANNIE MAE Regulations . . . ." For this
18 reason, plaintiff contends that the court has federal question
19 jurisdiction over her complaint. The court has reviewed plaintiff's
20 second amended complaint. She has not alleged that defendants
21 violated the National Affordable Housing Act, and thus the Act
22 fails to support plaintiff's argument for federal question
23 jurisdiction.
24    Plaintiff has alleged, however, that "The defendant [JPMorgan
25 Chase] Bank and defendant California Reconveyance Company violated
26 FANNIE MAE RELEASE 98-06 in regard to non-judicial foreclosures in

2

1 California by its failure to record a substitution of trustee prior
2 to filing the Notice of Default." Second Amended Complaint ¶ 47.
3 She further alleges that, "FANNIE MAE RELEASE 98-06 (August 14,
4 1998) requires that any substitution of trustee must be recorded
5 prior to the recordation of a default and that the Notice of
6 Default must not be prepared and recorded by a person or entity
7 that was not the trustee of record. . . . FANNIE MAE RELEASE 98-06
8 states in pertinent part: 'When the 'notice of default' is recorded
9 first it may carry the name of the trustee of record or the new
10 trustee . . . If the 'notice of default' names the new trustee that
11 trustee is acting without power because [under Section 2924a of the
12 California Civil Code] it is the filing of the 'substitution of
13 trustee' that provides authority to the new trustee.'" Id. Based
14 upon defendants' alleged failure to comply with the Fannie Mae
15 release, plaintiff seeks cancellation of trustee's deed upon sale.
16 Consequently, only if the Fannie Mae Release constitutes federal
17 law has plaintiff raised a federal question entitling her to
18 federal subject matter jurisdiction.
19    Fannie Mae is one of two federally-chartered
20 government-sponsored enterprises that serve the public policy of
21 expanding home ownership to moderate and low-income families, in
22 part, by supplying capital and liquidity for residential mortgages.
23 In re Federal Nat. Mortg. Ass'n Securities, Derivative and ERISA,
24 247 F.R.D. 32 (D. D.C. 2008).  It is a private shareholder-owned
25 company, and its common stock is publicly traded on the New York
26 Stock Exchange ("NYSE"). Id.

1  Fannie Mae is a private, for-profit entity. See 12 U.S.C. §
2  1716(b); see also Federal Nat. Mortg. Ass'n v. United States, 379
3  F.3d 1303, 1305 (Fed. Cir. 2004) ("Formerly a federal government
4  agency, [Fannie Mae] is a private, for-profit entity that provides
5  liquidity for mortgage investments").[1]  Furthermore, courts have
6  found that Fannie Mae's guidelines are not federal regulations.
7  See Patriot, Inc. v. U.S. Dept. of Housing and Urban Development,
8  963 F.Supp. 1, 7 (D. D.C. 1997):

> "Even if Fannie Mae's guides required plaintiffs to continue to purchase reverse mortgage loans on the secondary market-which they do not-such guides would not be enforceable because Fannie Mae is not a government agency. The cases cited by plaintiffs are inapposite because they involve the obligation of government agencies, or a federally-owned executive branch agency such as the United States Postal Service, to follow their regulations. Fannie Mae's legal status is not analogous to the Postal Service. Fannie Mae is a 'private corporation,' 12 U.S.C. § 1716b, owned by its private shareholders, and as a private entity, it does not issue regulations."

16  Because Frannie Mae is a private corporation, it cannot create
17 federal law. Thus, plaintiff has not raised a federal question and
18 the court also declines to exercise subject matter jurisdiction on
19 that ground.
20  Accordingly, the court DISMISSES this case for lack of subject

---

[1] 12 U.S.C. § 1716(b) reads "[t]he purposes of this title include the partition of the Federal National Mortgage Association as heretofore existing into two separate and distinct corporations ... [o]ne of such corporations, to be known as Federal National Mortgage Association, will be a Government-sponsored private corporation . . . and will continue to operate the secondary market operations authorized by such section 1719. The other, to be known as Government National Mortgage Association, will remain in the Government."

4

1 matter jurisdiction.  The clerk of the court is directed to CLOSE
2 this case.
3     IT IS SO ORDERED.
4     DATED:  November 3, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5